**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>John A. Johnson and Latha Johnson,<br><br>Debtors. | No. 2:26-BK-50434<br><br>Chapter 7<br><br>Judge Strelow Cobb |
| Custom Wood Products, Inc., Prospect Holdings, LLC, Raju K. Shah, and Kirti P. Shah, as the Trustee of the Raju K Shah Trust and the Ravi K Shah Trust,<br>Plaintiffs.<br><br>v.<br><br>John A. Johnson,<br>4219 Vaux Link<br>New Albany, OH 43054<br><br>Defendant. | Adv. Pro. 26-ap-______ |

**COMPLAINT OF CUSTOM WORD PRODUCTS, INC., PROSPECT HOLDINGS, LLC, RAJU K. SHAH, AND KIRTI P. SHAH, AS THE TRUSTEE OF THE RAJU K. SHAH TRUST AND THE RAVI K. SHAH TRUST TO DETERMINE NONDISCHARGEABILITY <u>OF DEBT UNDER SECTION 523(A)(2) OF THE BANKRUPTCY CODE</u>**

Plaintiffs Custom Wood Products, Inc., Prospect Holdings, LLC, Raju K, Shah, and Kirti P. Shah as the Trustee of the Raju K. Shah Trust and the Ravi K. Shah Trust (collectively, the "**Shah Creditors**") hereby file this Complaint request a determination that certain of the debts owed to them by Debtor John A. Johnson are nondischargeable pursuant to section 523(a)(2) of title 11 of the United States Code (the "**Bankruptcy Code**"). In support of this Complaint, the Shah Creditors respectfully state as follows:

## THE PARTIES

1. Plaintiff Custom Wood Products, Inc. ("**Custom Wood**") is an Indiana corporation with its principal office at 1901 W. Hively, Elkhart, Indiana, 46517. Custom Wood is owned by various members of the Shah family.

2. Plaintiff Prospect Holdings, LLC ("**Prospect Holdings**") is a Florida limited liability company with a business address at 801 W. Main Street, North Manchester, Indiana 46962. Prospect Holdings is owned by various members of the Shah family.

3. Plaintiff Raju K. Shah is an individual who resides at 302 N. Market St., North Manchester, Indiana, 45962.

4. Plaintiff Kirti P. Shah serves as the Trustee of the Raju K Shah Trust and the Ravi K. Shah Trust, both of which were formed under Indiana law.

5. Defendant John A. Johnson is an individual who is a debtor in the above-referenced chapter 7 case.

## JURISDICTION

6. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(a) and the United States District Court for the Southern District of Ohio's General Order No. 05-02 referring matters to this Court. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. § 157(b)(2)(I).

7. Venue is proper in this Court as provided in 28 U.S.C. § 1409.

8. Plaintiffs consent to the entry of a final order or judgment in this proceeding by this Court.

## STATEMENT OF THE FACTS

***The Personal Financial Statement***

9. On July 15, 2019, Dr. Johnson executed the Personal Financial Statement attached hereto as Exhibit A. This was subsequently provided to Kirti Shah in connection with Dr. Johnson's request that the Shah family or entities they control provide financing to entities owned in whole or in part by Dr. Johnson.

10. In Section 3 of the Personal Financial Statement, Dr. Johnson represented that he had total assets of $97,902,549 and total liabilities of $5,895,048, which made for a total net worth of $91,197,501.

11. The Personal Financial Statement did not identify as liabilities any guaranties which Dr. Johnson had given with respect to businesses he owned. At the time of execution of the Personal Financial Statement, Dr. Johnson had issued one or more guarantees of debts owed by businesses he owned.

12. At the time he executed the Personal Financial Statement, Dr. Johnson had issued multiple personal guarantees of borrowings by various businesses he owned.

13. In Schedule B of the Personal Financial Statement, Dr. Johnson asserted that the Access Group had a value of $40,000,000 and the AMAAZZ Group had a value of $2,894,755.

14. On information and belief, at the time Dr. Johnson executed the Personal Financial Statement, Access Group was worth substantially less than $40,000,000.

15. On information and belief, at the time Dr. Johnson executed the Personal Financial Statement, AMAAZZ Group was worth less than $2,894.755.

16. In Schedule C of the Personal Financial Statement, Dr. Johnson represented that he had a 55% ownership interest in 6400 E. Broad St., Columbus, Ohio 43213 which had a market value of $10,000,000. In reality, this ownership interest was worth far less than this value.

17. As part of Section 3 of the Financial Statement, Dr. Johnson represented that his real estate mortgage liabilities only added up to $5,895,048. On information and belief, Dr. Johnson's share of partial and wholly owned real estate liabilities was significantly higher than he disclosed.

18. Dr. Johnson provided the Personal Financial Statement to the Shah family with the intent that they would rely on it to make future loans to businesses owned in whole or in part by Dr. Johnson.

***Shah Creditors' Loans to Businesses Owned by Dr. Johnson and His Associated Personal Guaranties***

19. On September 4, 2019, AMAAZZ Group executed a demand note in favor of Prospect Holdings, LLC. Under this note, AMAAZZ Group borrowed $240,000 from Prospect Holdings.

20. Dr. Johnson executed a personal guarantee of the borrowings by AMAAZZ Group, LLC under this demand note with Prospect Holdings.

21. AMAAZZ Group failed to make all outstanding payments under this demand note to Prospect Holdings. Nor has Dr. Johnson paid off all outstanding amounts under his personal guarantee.

22. Prospect Holdings has filed proof of claim number 279 in Dr. Johnson's bankruptcy asserting claims based on Dr. Johnson's personal guarantee of this note. A copy of this proof of claim is attached as Exhibit B.

23. Prospect Holdings is party to additional Draw Notes with the AMAAZZ Group, LLC dated September 4, 2019, March 17, 2020, and March 4, 2021. Under these agreements, Prospect Holdings agreed to advance the AMAAZZ Group, LLC $500,000.

24. Dr. Johnson executed a personal guarantee of these notes.

25. AMAAZZ Group has failed to make all outstanding payments under these draw notes. Nor has Dr. Johnson paid off these amounts under his personal guarantees.

26. Prospect Holdings, LLC has filed proof of claim 280 in Dr. Johnson's bankruptcy asserting a claim for the outstanding amounts under these Draw Notes. A copy of this proof of claim is attached as Exhibit C.

27. Custom Wood is party to a Draw Note dated Mach 17, 2020 with AMAAZZ Group, LLC. Under this Note, Custom Wood agreed to advance $500,000 to AMAAZZ Group.

28. Dr. Johnson executed a personal guarantee of this note in favor of Custom Wood.

29. Custom Wood is also party to a Draw Note dated March 24, 2021 with AMAAZZ Group, LLC. Under this Note, Custom Wood agreed to advance $500,000 to AMAAZZ Group.

30. Dr. Johnson also executed a personal guarantee of these notes in favor of Custom Wood.

31. AMAAZZ Group has failed to make all outstanding payments under these two draw notes. Nor has Dr. Johnson paid off these amounts under his personal guarantees.

32. Custom Wood has filed proof of claim 278 in Dr. Johnson's bankruptcy asserting claims based on Dr. Johnson's personal guarantees of these notes and another older note. A copy of this proof of claim (which includes the relevant draw notes and personal guarantees) is attached as Exhibit D.

33. On October 21, 2019, AMAAZZ Group, LLC executed a Draw Note in favor of the Raju K Shah Trust. Under this note, the Raju K. Shah Trust agreed to advance up to $2,000,000 in principal to the AMAAZZ Group, LLC.

34. Dr. Johnson executed a personal guarantee of the borrowings by AMAAZZ Group LLC under this Draw Note in favor of the Raju K Shah Trust.

35. AMAAZZ Group, LLC has failed to pay all amounts outstanding under this Draw Note to the Raju K. Shah Trust. Nor has Dr. Johnson paid off these amounts under his personal guarantee.

36. The Raju K. Shah Trust has filed proof of claim 275 in Dr. Johnson's bankruptcy in the amount of at least $4,073,073.81 on account of liabilities under his personal Guarantee. A copy of this proof of claim (which includes the Draw Note and the Personal Guarantee by Dr. Johnson) is attached as Exhibit E.

37. On December 4, 2019, AMAAZZ Group, LLC executed a Draw Note/Personal Guarantee with AMAAZZ Group, LLC for a $2,000,000 loan by the Ravi K. Shah Trust.

38. Dr. Johnson executed a personal guarantee of the borrowings by AMAAAZZ Group, LLC under this Draw Note in favor of the Ravi K. Shah Trust.

39. AMAAZZ Group, LLC has failed to pay all amounts outstanding under this Draw Note to the Ravi K. Shah Trust. Nor has Dr. Johnson paid off these amounts under his personal guarantee.

40. The Raju K. Shah Trust has filed proof of claim 276 in Dr. Johnson's bankruptcy in the amount of at least $4,184,238.02 on account of liabilities under his personal Guarantee. A copy of this proof of claim (which includes the Draw Note and the Personal Guarantee by Dr. Johnson is attached as Exhibit F).

41. On September 10, 2021, East Ohio Hospital, LLC executed a promissory note in favor of Raju Shah. Under this promissory note, Mr. Shah loaned $2,000,000 to East Ohio Hospital, LLC.

42. Dr. Johnson provided a personal guarantee in favor of the borrowings by East Ohio Hospital LLC.

43. East Ohio Hospital LLC has failed to pay all amounts outstanding under this Promissory Note to Mr. Shah. Nor has Dr. Johnson paid off these amounts under his personal guarantee.

44. Mr. Shah had filed proof of claim 281 on account of the outstanding amounts under this liability. A copy of this proof of claim (which includes the promissory note and the personal guarantee) is attached as Exhibit G.

45. The Shah Creditors made these loans to businesses controlled by Dr. Johnson based on a belief that the personal financial statement accurately represented his financial condition.

**COUNT ONE – NONDISCHARGEABILITY UNDER 11 U.S.C. 523(A)(2)(B)**

46. The allegations in paragraphs 1 through 45 are incorporated by reference with the same force and effect as if set forth in full herein.

47. The guaranty debts owed by Dr. Johnson to the Shah Creditors are in connection with financing extended by the Shah Creditors at Dr. Johnson's request to entities he owned in whole or in part.

48. The personal financial statement provided to Kirti Shah and relied on by the Shah Creditors was materially false.

49. The personal financial statement was with respect to the financial condition of Dr. Johnson.

50. The Shah Creditors reasonably relied on the personal financial statement in providing financing to Dr. Johnson.

51. Dr. Johnson made the statement with an intent to deceive.

52. Accordingly, the debts owed to the Shah Creditors are nondischargeable pursuant to section 532(a)(2)(B) of the Bankruptcy Code.

**COUNT TWO – NONDISCHARGEABILITY UNDER 11 U.S.C. 523(A)(2)(A)**

53. The allegations in paragraphs 1 through 45 are incorporated by reference with the same force and effect as if set forth in full herein.

54. Dr. Johnson made false statements as set forth in the Personal Financial Statement and/or in other statements to include the Shah Creditors to extend financing to entities controlled by Dr. Johnson.

55. Dr. Johnson either knew these statements were false or made them with a reckless disregard for the truth while intending for the Shah Creditors to rely on them.

56. The Shah Creditors justifiably relied on the representations of Dr. Johnson and were injured as a result.

57. In June of 2024, to cause the Shah Creditors to forbear from suing based on the unpaid obligations, Dr. Johnson represented to Kirti Shah that the United States Citizenship and Immigration Services had approved a Form I-956F for an investment by EB-5 petitioners in East Ohio Hospital that would allow it to start repaying some of the overdue debts owed to the Shah Creditors.

58. Neither East Ohio Hospital nor the AMAAZZ Group followed up on these promises and made payments to the Shah Creditors.

59. Accordingly, the debts owed to the Shah Creditors are nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code.

**DEMAND FOR RELIEF**

60. WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as follows:

A. Determine that the debts owed by Dr. John A. Johnson are nondischargeable under section 523(A)(2)(B) and/or section 523(a)(2)(A) of the Bankruptcy Code;

B. Entering judgments in favor of the Plaintiffs in an amount to be proven at trial for all principal, interest, fees, costs, attorneys' fees and other charges that might be recovered under applicable law; and

C. All other and further relief as the Court deems just and equitable.

Dated: August 31, 2026

Respectfully submitted,

*/s/ David A. Beck*
David A. Beck (0072868)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: beck@carpenterlipps.com

*Counsel for Plaintiffs Custom Wood Products, Inc., Prospect Holdings, LLC, Raju K, Shah, and Kirti P. Shah as the Trustee of the Raju K. Shah Trust and the Ravi K. Shah Trust*